[In Bank.—June 11, 1883.]

## A. H. CHAPMAN ET AL., PETITIONERS, v. GEORGE STONEMAN, GOVERNOR, ETC., RESPONDENT.

PROHIBITION—POWER OF THE GOVERNOR TO INVESTIGATE THE CONDUCT OF PRISON DIRECTORS.—Under section one of article ten of the Constitution of the State, the governor has authority and jurisdiction to make an investigation into the conduct of the State board of prison directors with a view of removing them from office, and prohibition will not lie to arrest such an investigation.

APPLICATION for a writ of prohibition. The attorney-general on behalf of the people, filed with the governor specific charges of misconduct and neglect of duty on the part of the petitioners, composing the State board of prison directors, and asked their removal from office. The governor was proceeding to hear and determine the matter by a course of procedure similar to that provided for the trial of causes before the courts, and, after demurring to the charges on the ground of want of jurisdiction, the petitioners applied for a writ prohibiting the governor from proceeding further with the investigation.

*C. B. Darwin, Wm. H. Sears,* and *A. L. Hart,* for Petitioners.

*Attorney-General Marshall,* and *George Flournoy,* for Respondent.

MYRICK, J.—This is an application for a writ prohibiting the governor of the State from proceeding with an investigation under the last clause of section 1, article x., of the Constitution.

We are of opinion that under the clause referred to the governor has authority and jurisdiction to proceed with the investigation sought to be arrested.

Application denied.

THORNTON, J., Ross, J., and McKINSTRY, J., concurred.

SHARPSTEIN, J.—I do not think that the proceedings which it is sought to have arrested are without or in excess of the jurisdiction of the governor, and I therefore concur in the denial of the writ of prohibition.